United States District Court
Southern District of Texas
**ENTERED**
August 11, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MITCHELL CROCKER, | § | |
| Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 4:24-cv-01051 |
| CENTERPOINT ENERGY, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER

On July 9, 2025, I granted summary judgment in favor of Defendant CenterPoint Energy. *See* Dkt. 44. That same day, I issued a final judgment disposing of this case. *See* Dkt. 45. On July 23, 2025, CenterPoint filed a Bill of Costs, as permitted by Federal Rule of Civil Procedure 54(d)(1), seeking a total of $5,014.90 in costs: $4,666.76 for deposition transcripts and videography, $216.80 for subpoena fees; and $131.34 for retrieving third party records. *See* Dkt. 55 at 1. Plaintiff Mitchell Crocker did not object to CenterPoint's Bill of Costs. Today, August 11, 2025, the Clerk taxed costs in the amount of $5,014.90.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Indeed, the Fifth Circuit has said that "the prevailing party is prima facie entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quotation omitted). The recoverable costs authorized by statute are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). District courts have "broad discretion" to determine whether the prevailing party is entitled to an award of costs. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998).

This district's local rules require "[a]n application for costs [to] be made by filing a bill of costs within 14 days of the entry of a final judgment." S.D. Tex. L.R. 54.2. CenterPoint complied with this requirement, filing its bill of costs on July 23, 2025, exactly 14 days after the July 9, 2025 entry of final judgment. "Objections to allowance of the bill, the attorney's fees, or both must be filed within 7 days of the bill's filing." *Id.* Thus, Crocker had seven days—or until July 30, 2025—to timely file objections. Crocker did not do so, though he did file a motion to proceed in forma pauperis on July 30, 2025. *See* Dkt. 58. Because Crocker is proceeding pro se, I will construe his application as an objection to CenterPoint's bill of costs.[1]

Certain of CenterPoint's claimed costs—like the written transcript of Crocker's deposition, which was used in CenterPoint's motion for summary judgment—are obviously necessary for use in the case and authorized by § 1920. *See Gomez v. Massey*, No. 3:18-cv-00348, 2020 WL 2104700, at *2 (S.D. Tex. Apr. 23, 2020) ("It is, without question, reasonable for Defendant . . . to review and analyze [Plaintiff]'s written deposition transcript in preparation for summary judgment briefing."). Other costs are not so obviously necessary for use in the case or clearly authorized by the statute.

---

[1] Even where a party is permitted to proceed in forma pauperis, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings." 28 U.S.C. § 1915(f)(1). Thus, permitting Crocker to proceed in forma pauperis does not relieve him of the burden of paying costs to the prevailing party: CenterPoint.

Among the costs CenterPoint claims are $1,610.00 for a videotape of Crocker's deposition and $115.20 for a supplemental surcharge for a video deposition. *See* Dkt. 56-1 at 6–7, 9. "Fees for printed *or* electronically recorded transcripts necessarily obtained for use in the case" are taxable costs. 28 U.S.C. § 1920(2) (emphasis added). "[W]hether costs for *both* videography and written transcripts may be awarded for the same deposition under § 1920(2)" is an open question in the Fifth Circuit. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 131 (5th Cir. 2015) (declining to decide the issue). Even assuming a prevailing party may recover for both a written deposition transcript and a video, "the prevailing party must show that both the written transcript and video were necessary for use in the case." *Gomez*, 2020 WL 2104700, at *3.

"At the time the deposition transcripts were ordered, [CenterPoint]'s counsel could have reasonably anticipated using the transcripts in preparing its motion for summary judgment or in preparing for trial." *Arnold v. Allied Van Lines, Inc.*, 737 F. Supp. 3d 467, 474 (W.D. Tex. 2024). The same cannot be said of the video deposition. CenterPoint did not use the video of Crocker's deposition in its motion for summary judgment, and this case did not proceed to trial. Even if this case had proceeded to trial, it is difficult to conceive of why CenterPoint would need a video of Crocker's deposition given that Crocker would have appeared live at any trial. CenterPoint offers no argument for why videography was necessary beyond the conclusory assertion that all costs "were necessarily obtained/incurred for use in the case." Dkt. 56-1 at 2. "[G]iven that the video deposition was not used . . . and that the Court is already awarding costs for deposition transcripts, the Court will not award video deposition costs." *Arnold*, 737 F. Supp. 3d at 474.

CenterPoint also claims $216.80 for use of a private contractor to subpoena a third-party. *See* Dkt. 56-1 at 11. "Section 1920 does not include these costs, *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.,* 118 F.3d 245, 257 (5th Cir. 1997), and they are denied." *Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 724 (S.D. Tex. 2015); *see also Michael F.*, 118 F.3d

at 257 n.35 (citing favorably *Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983) ("[T]here is no statutory authorization for an award of special process fees.")).

In sum, the following costs are allowed: (1) $2,941.56 for deposition transcripts; and (2) $131.34 for retrieving third party records. The total allowed costs are $3,072.90. The Clerk of Court shall re-tax costs in the amount of $3,072.90 against Crocker.

SIGNED this 11th day of August 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

4